# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SONNIEL R. GIDARISINGH,
    Plaintiff,

v.                                                                             Case No. 17-C-464

BRITTANY MCCUTCHEON and
NATHAN HAYNES,
    Defendant.

## ORDER

Plaintiff Sonniel R. Gidarisingh is a *pro se* Wisconsin state prisoner, who filed this action under 42 U.S.C. § 1983. He was allowed to proceed on Eighth Amendment medical care claims against defendants Brittany McCutcheon and Nathan Haynes, and a First Amendment retaliation claim against defendant McCutcheon. (Docket No. 7, at 4.) Since I issued my scheduling order on October 10, 2017, the parties have filed several motions: plaintiff's motion to compel (Docket No. 15), defendants' motion for an extension of time of the dispositive motion deadline (Docket No. 18), defendants' second motion for extension of time of dispositive motion deadline (Docket No. 19), plaintiff's motion for leave to file additional proposed findings of fact (Docket No. 32), defendants' motion to strike plaintiff's additional proposed findings of fact (Docket No. 35), and plaintiff's motion to strike defendants' reply in support of their motion for summary judgment (Docket No. 37). Because plaintiff's renewed motion for counsel is dependent on the outcome of defendants' motion for summary judgment and additional filing regarding plaintiff's proposed findings of fact is still required for that defendants' summary judgment motion, I will not address plaintiff's renewed motion for counsel and

defendants' summary judgment motion at this time in this order. I will discuss the remaining motions in turn.

## I. MOTION TO COMPEL

Plaintiff has filed a motion seeking an order compelling defendants to produce several documents for discovery. (Docket No. 15) In particular, he seeks to compel defendants to respond to his request for specific documents, interrogatories, and admissions. *Id.* Defendants contend that some of the documents requested for production are irrelevant or, at most, the request is premature; that plaintiff's request for his medical records should not be compelled because plaintiff can get copies of his medical records at his own expense; and that plaintiff's requests for responses to his interrogatories and admissions have all been sufficiently addressed. Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. *See* Fed. R. Civ. P. 37(a)(2) and (3). A motion to compel discovery pursuant to Rule 37(a) is addressed at the sound discretion of the trial court. *E.E.O.C. v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996). In exercising its discretion, the court must be mindful that parties are permitted to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Fed. R. Civ. P. 26(b)(1).

Although Fed. R. Civ. P. 37 permits me to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. *See* Civ. L. R. 37.1 (E.D. Wis. 2010). If the opposing party fails to provide the materials, the party

must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." *Id.* If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such a motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all the parties participating in it." *Id.*

Plaintiff's motion to compel includes a statement indicating that he attempted to resolve his discovery dispute with defendants but they did not respond to all of his disputes. Defendants' response to plaintiff's motion further shows that the parties have conferred but a dispute regarding plaintiff's discovery requests still remains. Accordingly, I find that plaintiff has demonstrated that my intervention is appropriate.

As previously stated, parties may obtain discovery "regarding any subject matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). A court may, on its own initiative, limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the importance of the proposed discovery in resolving the issues before the court. Fed. R. Civ. P. 26(b)(2). I will now determine whether plaintiff's requests are relevant and to what extent.

Plaintiff seeks to have defendants produce all of their disciplinary records as well as all of the personnel investigations done against them. (Docket No. 15-1 at 5.) Plaintiff states that this information will aid in negating defendants' credibility. Defendants contend that releasing this information would breach the security of the institution and that plaintiff's request for it is premature given the purpose in which he intends to use it.

Defendants' position regarding the security risk posed if the information is released is significant. "Disclosing personnel information to inmates could lead to misuse of that information by the inmate—it could be used to obtain power over the correctional officer or to obtain favorable treatment or contraband." *Sherman v. Jess*, No. 13-CV-1355, 2015 WL 1966688, at *2 (E.D. Wis. Apr. 30, 2015). Although the information may be relevant for the purpose plaintiff asserts and thus I may consider, as the parties suggest, an in camera review of the material at a later time if necessary, it is not relevant at the summary judgment stage. Accordingly, defendants shall not be compelled to respond to this request for production at this time.

Plaintiff also requests defendants provide him with the current address and location of former inmate Jerry Meeks. He states that Meeks is a material witness and crucial to his case, but that he was released from prison before plaintiff could secure a declaration from him regarding the case. Defendants assert, however, that they do not have Meeks' current address. Fed. R. Civ. P. 34 requires production of a relevant discoverable document that is in the "possession, custody or control" of a party. Plaintiff has provided no reason for me doubt defendants' statement that they do not have Meeks' current address. Thus, defendants will not be compelled to respond to this request.

Plaintiff next requests defendants provide him with copies of his medical records and other specific medical files created by the Waupun Correction Institution Health Services Unit (HSU). *Id.* at 8-10. He has been allowed to proceed on Eighth Amendment claims that defendants were deliberately indifferent to his serious medical needs. Thus, the request is relevant to his medical claim. However, defendants have

4

indicated the plaintiff can obtain his medical records and specific medical files from the HSU directly. Although "the fact that documents are available from another source is not a valid basis, by itself, for refusing to produce such documents," *Gabby v. Maier,* No. 04-C-0476, 2006 WL 2794316, at *3 (E.D. Wis. Sept. 27, 2006), defendants also state and the record reflects that plaintiff was informed that defendants did not yet have possession of his medical records. Although defendants now note that they do have possession of plaintiff's medical records, plaintiff has not filed a reply stating that he is still in need of the documents and that he was unable to secure them on his own. Thus, I will not compel defendants to respond to these requests at this time.

Further, plaintiff requests defendants respond to several interrogatories and admissions. With regard to his interrogations, he ask defendants to state defendant McCutcheon's height and weight and whether she is related to any other staff at Waupun Correctional Institution. Plaintiff states that this height and weight query is relevant to refute defendants' assertion that he was being disrespectful to defendant McCutcheon when he called her a "little girl." (Docket No. 15 at 4.) Notwithstanding and without waiving their objection to the query, defendants' response to plaintiff's interrogatory was that "defendant McCutcheon could be described as having a petite physical build." *Id.* For the purposes noted by plaintiff regarding the use of this information, I find defendants' response sufficient. Additionally, plaintiff's request to know whether defendant McCutcheon is related to another staff member to show she can violate "D.O.C. work rules" without repercussion is irrelevant. *Id.* at 5. Rather, it is whether she violated plaintiff's Eighth and First Amendment rights that is at issue.

Plaintiff next asserts that defendants were being evasive with their response to his requests for admissions numbers 14, 15, 16, and 19. These requests essentially ask defendants to admit whether inmate Jerry Meeks testified and made specific statements during his testimony at plaintiff's disciplinary hearing for his conduct report issued by defendant McCutcheon. Answers to requests for admissions must "fairly respond to the substance of the matter." Fed. R. Civ. P. 36(a)(6). Such answers are considered sufficient if they also reference material the opposing party already possesses. *See Glover v. Dickey*, No. 14-CV-87, 2015 WL 3397740, at *3 (E.D. Wis. May 26, 2015). For each admission request, defendants admit for the most part that Meeks testified at the hearing. Further, defendants assert that they provided plaintiff with the full Conduct Report packet, which included Meeks' testimony. Thus, they essentially assert that the document speaks for itself with regard to what Meeks may have stated during his testimony. *See Id.* Therefore I find that defendants have adequately responded to these requests for admissions.

Plaintiff also states that defendants were being evasive in their response to his request for admission number 17, which asks defendants to admit defendant McCutcheon conducted cell search for extra linen on J-tier during the second shift on January 11, 2017, with Sergeant Klemmer, COI Wink, COI Bolden, and COII Schneider. (Docket No. 15 at 7.) Not only must a party responding to a request for admissions "fairly respond to the substance of the matter," but a party responding to a request for admissions "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

6

Fed. R. Civ. P. 36(a)(4). Defendants' response to this request was that defendant McCutcheon performed the cell search. In response to plaintiff's motion to compel, they further state that upon reasonable inquiry they have found that they have no record confirming all of the staff who conducted the extra line search and that defendant McCutcheon can only speak for her personal whereabouts. Although defendants failed to initially substantively respond to plaintiff's request by addressing whether the other named individuals were present during the cell search or stating that despite having made a reasonable inquiry they did not have the information to admit or deny the remainder of the request, their subsequent reply to plaintiff's motion sufficiently addresses this deficiency.

Lastly, plaintiff asserts that defendants failed to respond to his requests for admissions numbers 24 through 28, which relate to plaintiff's medical records. Defendants contend that they were not in possession of plaintiff's medical records at that time and that they would supplement the responses by March 1. Plaintiff has not filed a reply stating that defendants did not comply with this timeline. Thus, I find no need to compel defendants to respond to these requests at this time.

Plaintiff's motion to compel will, therefore, be denied.

## II. MOTION FOR EXTENSION OF DISPOSIVE MOTION DEADLINE

Defendants filed a motion on March 8, 2018, asking the court to extend the dispositive motion deadline to March 23, 2018, due to family medical issues for the undersigned counsel. (Docket No. 18.) On March 22, 2018, defendants moved for a second extension of time of the dispositive motion deadline noting that the aforementioned family medical issues for the undersigned counsel had resulted in the

death of the family member. (Docket No. 19.) Thus, counsel's attendance in the office had been and would be sporadic. They sought the extension until and subsequently filed their dispositive motion on March 29, 2018. I will grant defendants motions and allow the filing of their motion for summary judgment.

### III. PLAINTIFF'S MOTION FOR LEAVE TO FILE ADDITIONAL PROPOSED FINDINGS OF FACT AND DEFENDANTS' MOTION TO STRIKE PLIANTIFF'S ADDITIONAL PROPOSED FINDINGS OF FACT

Under Civ. L. R. 56(b)(2)(B)(ii), a party opposing a motion for summary judgment is allowed to file 100 additional findings of fact. In response to defendants' motion for summary judgment, plaintiff filed additional proposed findings in which he alleges 136 facts. (Docket No. 26.) Recognizing that the amount of facts he had alleged did not comply with the Civ. L. R. 56(b)(2)(B)(ii), plaintiff filed a motion seeking leave to file the additional facts. (Docket No. 32.) Defendants have moved for the court to strike plaintiff's proposed findings of fact because they are beyond the number of facts allowed. In the alternative, defendants seek to have plaintiff amend his proposed findings of fact so as to comply with the Rule. Because under Civ. L. R. 56 I have discretion with regard to the requirements of this rule, I will grant plaintiff's motion and deny defendants' motion in the interest of judicial economy. Defendants shall have up to 14 days from the date of this order to respond to plaintiff's additional proposed findings of fact.

### IV. MOTION TO STRIKE DEFENDANTS' REPLY

Plaintiff has moved to strike defendants' reply to in support of their motion for summary judgment. He asserts that defendants' filing of their reply a day after their

afforded time to respond runs afoul to Civ. L. R. 56(3). This rule allows such briefing to be filed "within 14 days of the service of the opposing party's" filing of their opposition materials. Civ. L. R. 56(3) (E.D. Wis. 2010). Although defendants did not file a response to this motion, it will still be denied. As aforementioned, I have discretion regarding the rule requirements for Civ. L. R. 56, and I do not find that defendants' one day delay in filing their reply brief has prejudiced plaintiff. Indeed, a general review of the brief shows that defendants have conceded that one of plaintiff's claims survives summary judgment because there is a genuine issue of material fact. Therefore, I will deny plaintiff's motion.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (Docket No. 15) is **DENIED**.

**IT IS ORDERED** that defendants' motion for an extension of time of the dispositive motion deadline (Docket No. 18) and defendants' second motion for extension of time of dispositive motion deadline (Docket No. 19) are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file additional proposed findings of fact (Docket No. 32) is **GRANTED**.

**IT IS ALSO ORDERED** that defendants' motion to strike plaintiff's additional proposed findings of fact (Docket No. 35) is **DENIED**. Defendants have up until **14 days from the date of this order** to file their responses to plaintiff's additional proposed findings of fact.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike defendants' reply in support of their motion for summary judgment (Docket No. 37) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of  July  , 2018.


                                                s/Lynn Adelman_____
                                                LYNN ADELMAN
                                                United States District Judge